UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBECCA THOMAS | |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| | 25-cv-1247 (LDH) (TAM) |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY | |
| Defendant. | |

LASHANN DEARCY HALL, United States District Judge:

Rebecca Thomas ("Plaintiff"), proceeding pro se, brings the instant action against

Deutsche Bank National Trust Company ("Defendant") alleging claims for breach of contract,

unjust enrichment, equity theft, foreclosure fraud, and illegal eviction.[1]  Defendant moves,

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint in its

entirety.

## BACKGROUND[2]

On October 18, 2001, Plaintiff purchased a home located at 104-47 164th Street, Jamica,

NY 11433 (the "Property").  (Compl. ¶¶ 11-12, ECF No. 1-2.)  To finance this purchase,

Plaintiff obtained a mortgage from Professional Mortgage Bankers Cooperation, which was

recorded (the "Mortgage").  (*Id.* ¶ 13.)  Plaintiff ultimately refinanced the Mortgage with

---

[1] Plaintiff initially commenced this action in the Supreme Court of the State of New York, County of Queens, on December 13, 2024.  (*See* Compl.)  It was removed to this Court by Defendant on March 5, 2025.

[2] The following facts are taken from the complaint and public documents of which the Court takes judicial notice. *See Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (holding that when ruling on a Rule 12(b)(6) motion to dismiss, the Court "confine[s] its consideration 'to facts stated on the face of the complaint . . . and to matters of which judicial notice may be taken'" (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991))).

1

Berkshire Financial Group, Inc. (*Id.* ¶ 14.) On May 17, 2012, the Mortgage was assigned to Defendant (the "Assignment"). (*Id.* ¶ 15.) Plaintiff had no knowledge of the Assignment and did not consent thereto. (*Id.*)

On May 31, 2012, Defendant initiated a foreclosure action against Plaintiff in the Supreme Court of the State of New York, Queens County (the "Foreclosure Action").[3] (*Id.* ¶ 16.; Def.'s Mem. L. Supp. Mot. Dismiss ("Def.'s Mem.") Ex. D at 1, ECF No. 8-4.) Plaintiff filed an answer in response to Defendant's complaint, in which Plaintiff denied most of Defendant's allegations and asserted thirty affirmative defenses and one counterclaim. (*See* Def.'s Mem., Ex. B at 2-9.) Ultimately, on March 22, 2016, the court in the Foreclosure Action granted Defendant's motion for a judgment of foreclosure and sale. (*See* Def.'s Mem., Ex. C, ECF No. 8-3; Def.'s Mem., Ex. D.)

Between March 22, 2016, and the commencement of this action, Plaintiff filed for Chapter 13 bankruptcy on two separate occasions.[4] Specifically, on March 26, 2018, Plaintiff filed for Chapter 13 bankruptcy ("Bankruptcy Action I"), which was dismissed on November 20, 2018. *See* Order, *In re Thomas*, No. 18-41655-NHL (filed November 20, 2018), ECF No. 35. Following the dismissal of Bankruptcy Action I, on January 17, 2019, Plaintiff, again, filed for Chapter 13 bankruptcy ("Bankruptcy Action II"). *See In re Thomas*, No. 19-40309-NHL (filed Jan. 17, 2019). Bankruptcy Action II was dismissed on June 21, 2023. *See* Order, *In re Thomas*, No. 19-40309-NHL (filed June 21, 2023), ECF No. 118.

---

[3] The Court takes judicial notice of the filings in the Foreclosure Action, as provided by Defendant (Def's Mem., Exs. A-D). *See Ferrari v. Cnty. of Suffolk*, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case *sub judice*.); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir.2008) (courts may take judicial notice of court filings).

[4] The Court takes judicial notice of Plaintiff's prior bankruptcy filings. *In re Old Carco LLC*, 509 F. App'x 77, 79 (2d Cir. 2013) (indicating lower courts are permitted to take judicial notice of bankruptcy filings); *see also Staehr*, 547 F.3d at 425.

2

On approximately June 13, 2024, Plaintiff was evicted from the Property. (*See* Compl. ¶ 18.) The Property was sold at a public auction on November 6, 2024. Plaintiff had no advance knowledge of the sale. (*Id.* ¶ 17.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. Id. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient[.]" *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain

3

statement of their claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

## DISCUSSION

### I.    Plaintiff's Claims are Barred by the doctrine of Res Judicata.

In this action, Plaintiff asserts claims for breach of contract, unjust enrichment, equity theft, foreclosure fraud, and illegal eviction.[5] By its motion, Defendant argues that Plaintiff's claims are barred by the doctrine of res judicata because each of her claims arise out of the facts of the Foreclosure Action, in which Plaintiff had the opportunity to raise her present claims. (Def.'s Mem. at 3-4.) Put differently, Defendant argues that Plaintiff's claims are barred by res judicata because her claims arise out of the same transaction or occurrence as the Foreclosure Action. (*Id.*) Defendant is correct.[6] *See Montoute v. Wells Fargo Bank, N.A.*, 173 N.Y.S.3d 283, 284 (2nd Dept 2022).

A federal court must give a state court judgment the same preclusive effect that it would have in that state's courts. *Green v. Montgomery*, 219 F.3d 52, 55 (2d Cir.2000). Under New

---

[5] Because this action was removed on diversity grounds, this Court applies New York state substantive law. *Com/Tech Commc'n Techs., Inc. v. Wireless Data Sys., Inc.*, 163 F.3d 149, 151 (2d Cir. 1998) (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

[6] Because Plaintiff failed to file an opposition in response to Defendant's motion to dismiss, the Court deems Defendant's motion unopposed.

York law, res judicata bars future litigation of claims that were or could have been raised in a prior proceeding where that prior proceeding resulted in a final judgment on the merits. *Montoute*, 173 N.Y.S.3d at 284. "For a party to succeed in proving the affirmative defense of *res judicata*, they must be shown that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff[] or those in privity with [her]; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Mendez v. Pretium Mortg. Credit Partners I, Loan Acquisition, LP*, No. 21-CV-826(KAM)(JRC), 2023 WL 8283148, at *5 (E.D.N.Y. Nov. 30, 2023) (internal quotations and citation omitted), *aff'd sub nom. Mendez v. Pretium Mortg. Credit Partners*, No. 23-8057-CV, 2024 WL 4691006 (2d Cir. Nov. 6, 2024); *see Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) ("Under both New York law and federal law, the doctrine of ... claim preclusion[] provides that '[a] final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action.'" (citation and alteration omitted)).

Here, there can be no question that the first and second elements are satisfied for the purposes. Plaintiff was the Defendant in the Foreclosure Action—and Defendant was the plaintiff. (*See generally* Def.'s Mem., Ex C.) And, the Foreclosure Action concluded with an adjudication on the merits in favor of Defendant vis-à-vis the judgment of foreclosure and sale issued in the Foreclosure Action, (Def.'s Mem., Ex C, Ex. D). *See Harris ex relatione Harris v. BNC Mortg., Inc.*, No. 16-CV-2126 (MKB), 2017 WL 1166357, at *4 (E.D.N.Y. Mar. 28, 2017) (finding a state court's entry of a judgment of foreclosure and sale on property against the plaintiff was "an adjudication on the merits"), *aff'd sub nom. Harris v. BNC Mortg., Inc.*, 737 F. App'x 573 (2d Cir. 2018).

With respect to whether the claims brought in this action could have been brought in the Foreclosure Action, New York courts "have adopted the transactional analysis approach in deciding res judicata issues." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981).  Pursuant to that approach, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Id.*  To put it in the context of this action, "[a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action." *Chapman Steamer Collective, LLC v. KeyBank Nat'l Ass'n*, 81 N.Y.S.3d 501, 503 (2nd Dept 2018) (internal quotations and citation omitted).

Against this backdrop, the Court has little doubt that each of Plaintiff's claims arise out of the same transaction or occurrence as the Foreclosure Action.  At bottom, the instant action and the Foreclosure Action both relate to the foreclosure and resulting sale of the Property.  *See De Masi v. Country Wide Home Loans*, 481 F. App'x 644, 646 (2d Cir. 2012) (finding "the events leading up to and following the attempted . . . foreclosure" constituted the same transaction underlying a state foreclosure action for purposes of res judicata).  Specifically, Plaintiff's breach of contract, unjust enrichment, equity theft, foreclosure fraud, and illegal eviction claims each rest on Plaintiff's allegations that the Foreclosure Action was fraudulent and improperly prosecuted.  (Compl. ¶¶ 21-23, 27-31.)  In other words, the Foreclosure Action necessarily involved allegations relating to the Mortgage, subsequent assignments of the Mortgage, and a determination of whether Defendant could properly attain a judgment of foreclosure and sale.  So too here.  (*See* Compl. ¶¶ 21-23, 24, 27-32); *see also Harris v. BNC Mortg.*, Inc., 737 F. App'x 573, 576 (2d Cir. 2018) ("Even though the facts in [the plaintiff's] federal complaint are a

6

'different shading' of the facts alleged in the foreclosure complaint, they are a part of the same transaction [because] [b]oth the complaint and the foreclosure action involved allegations relating to the origin of [the plaintiff's] mortgage and its subsequent assignment."); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 172 (E.D.N.Y. 2010) (concluding that the plaintiff's claims were or could have been brought in a state court foreclosure action because they were based on "the allegation that [the] defendants improperly obtained a [j]udgment of [f]oreclosure and [s]ale"), *aff'd*, 446 F. App'x 360 (2d Cir. 2011).  Indeed, many of the allegations included in support of Plaintiff's complaint were asserted by Plaintiff in the Foreclosure Action, thus confirming that res judicata applies.  For example, the issue of whether Defendant breached the contract pertaining to Plaintiff's Mortgage, (Compl. ¶¶ 21-23), was raised as an affirmative defense in the Foreclosure Action.  (Def.'s Mem., Ex. B at ¶¶ 27, 39).  And, whether Defendant had standing to pursue foreclosure, (Compl. ¶ 28), or used deception or fraud to justify foreclosure, (Compl. ¶¶ 27, 29), were also raised as affirmative defenses in the Foreclosure Action.  (Def.'s Mem., Ex. B at ¶¶ 20, 24, 26, 39.)  Because each of these issues were raised and necessarily adjudicated in the Foreclosure Action, they are barred from being relitigated here. *SSJ Dev. of Sheepshead Bay I, LLC v. Amalgamated Bank*, 10 N.Y.S.3d 105, 107-108 (2nd Dept 2015).  In addition, the notion that Plaintiff was not given proper notice or an opportunity to defend against foreclosure, (Compl. ¶ 30), is belied by Plaintiff filing an answer to the complaint in the Foreclosure Action (*see* Def.'s Mem., Ex. B).  Each of Plaintiff's claims are barred by res judicata.[7]

---

[7] In connection with Defendant's res judicata argument, Defendant also argues that Plaintiff's claims are barred by the doctrine of collateral estoppel.  (Def.'s Mem. at 3-4.)  "Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same." *Grossman v. Fed. Nat'l Mortg. Ass'n*, 184 N.Y.S.3d 799, 800 (2nd Dept 2023) (internal quotations and citation omitted).  "[T]he party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination." *Id.* (internal quotations and citation omitted).  And, critically, "collateral

## II.   Plaintiff's claims fail as a matter of law.

Even if Plaintiff's claims were not barred by the doctrine of res judicata, her claims fail as a matter of law.  With respect to Plaintiff's unjust enrichment claim, Defendant aptly argues that it is duplicative of Plaintiff's breach of contract claim, and therefore, must be dismissed. (Def.'s Mem. at 8-9.)  It is well settled that a claim for "unjust enrichment cannot lie where [it is] duplicative of a breach of contract cause of action." *Giugliano v. FS2 Cap. Partners, LLC*, No. 14-CV-7240 ADS GRB, 2015 WL 5124796, at *16 (E.D.N.Y. Sept. 1, 2015) (alterations in original accepted) (internal quotations and citation omitted).  That is, where the subject matter at issue in a case is governed by a contract, the plaintiff does not have a "cognizable claim for unjust enrichment separate from his breach of contract claim." *Rabin v. MONY Life Ins. Co.*, 387 F. App'x 36, 42 (2d Cir. 2010) (internal quotation marks and citations omitted)).

Here, the complaint plainly indicates that a contract governed the Mortgage for the Property, (Compl. ¶ 10), that the Mortgage was assigned to Defendant, (*id.* ¶ 15), and that Defendant foreclosed on the Property, (*id.* ¶¶ 16-17).  It is apparent that Plaintiff's unjust enrichment claim seeks recovery for events arising out of the subject matter of the contract governing the Mortgage. *See Hourani v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 142, 149-150

---

estoppel effect will only be given to matters 'actually litigated and determined' in a prior action." *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 482 (1985) (quoting Restatement (Second) of Judgments § 27 (1982)).  Here, Defendant failed to identify the precise issues litigated and determined in the Foreclosure Action that would make application of the doctrine of collateral estoppel appropriate.  (*See* Def.'s Mem. at 3-4. )  As such, Defendant has not sustained its burden to attain the benefit of collateral estoppel. *See Grossman*, 184 N.Y.S.3d at 800.  In addition, Defendant argues that the doctrine of judicial estoppel requires the dismissal of Plaintiff's claims in light of Plaintiff's failure to disclose her present claims when she filed for Chapter 13 bankruptcy.  (Def.'s Mem. at 4-6.)  As Defendant points out, "courts generally look for the existence of three factors": "(1) that a party's new position is "clearly inconsistent" with its earlier position, (2) that the party seeking to assert this new position previously persuaded a court to accept its earlier position, and (3) that the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." (Def.'s Mem. at 5 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).)  Here, however, Defendant failed to argue any unfair advantage Plaintiff received, or unfair detriment imposed upon Defendant, by virtue of Plaintiff's failure to list the claims brought in this action when filing for Chapter 13 bankruptcy.  (*See* Def.'s Mem. at 4-6.)  As such, Defendant has not met its burden in persuading the Court that the equitable doctrine of judicial estoppel should be invoked here.

(E.D.N.Y. 2016) (applying New York law and concluding the plaintiff failed to state an unjust enrichment claim because there were "valid and enforceable written contracts governing a particular subject matter, and [the plaintiff sought] recovery for events arising out of th[at] subject matter.")  In fact, Plaintiff unequivocally ties her unjust enrichment claim to the Mortgage contract by challenging the propriety of the foreclosure and subsequent sale of the Property.  (Compl. ¶¶ 24-25.)  In the complaint, Plaintiff alleges that Defendant "was unjustly enriched at [Plaintiff's] expense by:  Profiting from the wrongful foreclosure and sale of [the] [P]roperty . . ."; and by "[g]aining financial benefit while depriving [Plaintiff] of the equity [she] built over two decades of homeownership." (*Id.*)  These allegations confirm that Plaintiff's unjust enrichment claim seeks recovery for events arising out of the subject matter of the contract governing her Mortgage.  "A mortgage is an interest in real property that secures a creditor's right to repayment[,]" and should a debtor default on his or her obligations under a mortgage contract, the creditor may, among other things, "foreclos[e] on the mortgaged property." *Johnson v. Home State Bank*, 501 U.S. 78, 82 (1991).  And, because Plaintiff's unjust enrichment claim challenges the sale of the Property and the financial benefit Defendant received, (Compl. ¶¶ 24-25), it is plain that this claim seeks recovery for events arising out of the subject matter of the contract governing the Mortgage.

Plaintiff's breach of contract and illegal eviction claims fare no better under the pleading standard required by Rule 8(a) of the Federal Rules of Civil Procedure.  *See Iqbal*, 556 U.S. at 679 ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]").  While pro se litigants are entitled to special solicitude, Courts "cannot invent factual allegations that [a plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).  Here, the

9

Court would have to do just that to conclude Plaintiff has plausibly alleged either of these claims as a matter of law.

"To state a claim for breach of contract under New York law, a plaintiff must allege:  (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 468 (S.D.N.Y. 2014) (alterations in original accepted) (internal quotations omitted).  In addition, a complaint asserting a breach of contract claim "'must allege the provisions of the contract upon which the claim is based.'" *Id.* (quoting *Atkinson v. Mobil Oil Corp.*, 614 N.Y.S.2d 36, 37 (1994) (citation omitted); *see Phoenix Four, Inc. v. Strategic Res. Corp.*, No. 05–CV–4837, 2006 WL 399396, at *10 (S.D.N.Y. Feb. 21, 2006).  Against this backdrop, Defendant argues that Plaintiff failed to state a breach of contract claim because Plaintiff did not allege certain essential elements of this claim, nor did she indicate the provision of the contract upon which this claim is based.  (Def.'s Mem. at 6-7.)  Defendants are correct.  Indeed, Plaintiff failed to allege facts suggesting she performed her obligations under the contract covering the Mortgage.  (*See* Compl.)  And, Plaintiff failed to allege the terms of the contract upon which her breach of contract claim is predicated.  (*See* Compl.)  These deficiencies are fatal to Plaintiff's breach of contract claim. *Sony Fin. Servs., LLC v. Multi Video Group, Ltd.*, No. 03 Civ. 1730(LAK), 2003 WL 21396690, at *2 (S.D.N.Y. June 17, 2003) (dismissing breach of contract claim because complainant failed to allege terms of contract, nature of breach, or that it actually performed under the contract).

"To establish an illegal eviction claim, a plaintiff must show [s]he was 'disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after [s]he has been put out, is held and kept out by force or by putting [her] in fear of personal violence or by unlawful means.'" *Thomas v. City of New York*, No. 12-CV-5061 FB SMG, 2013 WL 3810217, at *7

10

(E.D.N.Y. July 23, 2013) (quoting RPAPL § 853).  Defendant argues that Plaintiff merely alleges "bare conclusions," which are insufficient to survive a motion to dismiss.  (Def.'s Mem. at 11-12.)  Here again, the Court agrees.  Although the complaint indicates that Defendant "forcibly removed [Plaintiff] from the [P]roperty without proper legal proceedings or notice," (Compl. ¶ 31), it fails to suggest how Plaintiff was removed "forcibly" or what was deficient about the legal proceedings and notice, (*see* Compl).  In addition, Plaintiff complains that Defendant "violat[ed] state and federal protections," (*id.* ¶ 32), but she fails to indicate which state and federal laws Defendant violated (*see* Compl).  As such, Plaintiff's illegal eviction claim amounts to nothing more than "labels and conclusions" that lack necessary factual enhancement. *Iqbal*, 556 U.S. at 678.  This is insufficient, and therefore, Plaintiff's illegal eviction claim must be dismissed.

The Court cannot be sure whether Plaintiff's "equity theft" claim is meant to be a conversion claim[8] or a claim brought under New York Real Property Law section 265-a, which is how Defendant interpreted this claim, (Def.'s Mem. at 9-10).  In any event, Plaintiff's claim is premised on an alleged fraud.  (Compl. ¶ 27.)[9]  Under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff "alleging fraud or mistake, . . . must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Pertinently, Rule 9(b) applies "to all averments of fraud." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (internal quotation marks omitted).  That is, "Rule 9(b) applies broadly to claims 'premised on allegations of fraud.'" *In re Ford Fusion & C-Max Fuel Econ. Litig.*, No. 13-MD-

---

[8] Although real property may not properly be the subject of a conversion action, a conversion claim may still lie with respect to the cash proceeds of the sale of real property. *In re Verestar, Inc.*, 343 B.R. 444, 467 (Bankr. S.D.N.Y. 2006).

[9] Plaintiff also alleges in connection with her equity theft claim that Defendant "exploit[ed] her financial situation." (Compl. ¶ 26.)  However, Plaintiff failed to indicate how exactly she was exploited.  Accordingly, this allegation is conclusory and need not be accepted as true by the Court. *See Iqbal*, 556 U.S. at 681.

2450 KMK, 2015 WL 7018369, at *12 (S.D.N.Y. Nov. 12, 2015) (quoting *In re Morgan Stanley Info. Fund. Sec.*, 592 F.3d 347, 358 (2d Cir. 2010)).  The Second Circuit has interpreted Rule 9(b)'s heightened pleading standard as indicating that a complaint must: (1) specify the statements or specific content that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent."  *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006); *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986) (concluding allegations that "fail to specify the time, place, speaker, and . . . the content of the alleged misrepresentations[] lack the 'particulars' required by Rule 9(b)" (quoting Fed. R. Civ. P. 9(b)).

Against this backdrop, Defendant argues that Plaintiff's equity theft claim and foreclosure fraud claim must be dismissed because Plaintiff failed to satisfy Rule 9(b)'s heightened pleading standard.  (Def.'s Mem. at 6-7, 9.)  Correct again.  Plaintiff alleges that Defendant used "deceptive and misleading documents to justify foreclosure, including inflated balances and irregular procedural filings."  (Compl. ¶ 29.)  However, this allegation is insufficient to survive a motion to dismiss because it fails to identify the statements or documents in which Defendant used "inflated" balances or the nature of Defendant's filings that made them "irregular."  *See Lerner*, 459 F.3d at 290.  And, with respect to Plaintiff's remaining allegations, Plaintiff fails to explain why any of the purported conduct Defendant engaged in was fraudulent.  (*See* Compl. ¶¶ 26-28, 30)  As the Second Circuit noted in *Segal v. Gordon*, "[i]t is a serious matter to charge a [defendant] with fraud and hence no one is permitted to do so unless [s]he is in a position and is willing to put [herself] on record as to what the alleged fraud consists of specifically."  467 F.2d 602, 607 (2d Cir.1972) (citation omitted).  Because Plaintiff failed to

explain the specific nature of the fraud she alleges, her claims predicated on allegations of

fraud—equity theft and foreclosure fraud—must be dismissed.  *Id.*[10]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED and the Complaint

is DISMISSED in its entirety.

SO ORDERED.

Dated: Brooklyn, New York          /s/ LDH
March 31, 2026                     LASHANN DEARCY HALL
                                   United States District Judge

---

[10] Following Plaintiff's "Introduction" in the Complaint, Plaintiff indicates that she seeks to hold Defendant liable for:  (1) breach of contract; (2) unjust enrichment; (3) equity theft; (4) foreclosure fraud; and (5) illegal eviction. However, at the end of the Complaint, Plaintiff also lists "emotional distress and financial harm" in her "Statement of Claims."  (*See* Compl. ¶¶ 33-34.)  While the Court believes Plaintiff included these allegations in an effort to represent her damages, out an abundance of caution, the Court will explain why a claim for intentional infliction of emotional distress ("IIED"), or, in the alternative, negligent infliction of emotional distress ("NIED"), would fail. "Under New York law, . . . a claim for IIED requires a showing of: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress."  *Rich v. Fox News Network*, LLC, 939 F.3d 112, 115 (2d Cir. 2019) (citation and internal quotations omitted).  To satisfy the first element, Plaintiff must allege conduct that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (1993).  In light of the lack of factual enhancement in the Complaint, *see supra*, it is clear that Plaintiff failed to satisfy the first element of IIED.  "To plead [a NIED] claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm."  *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021).  Because Plaintiff failed to adequately plead beach of contract, *supra*, and entirely failed to indicate any duties Defendant owed to her, it is also clear that Plaintiff failed to satisfy the first element of a NIED claim.  Accordingly, to the extent Plaintiff asserts an IIED or NIED claim, the claim is dismissed.

And, the Court would be remis if it were not to mention that many, if not all, of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  As the Second Circuit recently explained, "the *Rooker-Feldman* doctrine establishes the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."  *Edwards v. McMillen Cap.*, LLC, 952 F.3d 32, 35 (2d Cir. 2020) (citation and internal quotations omitted).  "For the doctrine to apply, four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced."  *Id.* (citation and internal quotations omitted.)  Although Defendant inexplicably failed to advance this argument, it appears this doctrine may also necessitate the dismissal of each of Plaintiff's claims.  Nevertheless, the Court need not decide this ground for dismissal in light of the alternative grounds discussed above.